# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**TIMOTHY HENRY JENSEN, JR.**                                          **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:19-CV-P327-JHM**

**JAMIE UNDERWOOD, JAILER** *et al.*                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff Timothy Henry Jensen, Jr., is a convicted prisoner incarcerated at the LaRue County Detention Center (LCDC). The named Defendants in this action are LaRue County and LCDC Jailers Jamie Underwood and Johnny Cottrill,[1] LCDC Deputy Scott Hayes, Kentucky State Trooper Eric Whitlock, and Public Defender Heather Temple, in both their official and individual capacities.

Plaintiff initially brought this action with another inmate at LCDC, Jeremy Wayne Williams. However, the complaint was severed because their claims were not properly joined under Fed. R. Civ. P. 20(a).[2] Thus, although the complaint contains claims asserted by both Plaintiff and Williams, the only claims in this action are those that are personal to Plaintiff.

---

[1] Based upon the allegations set forth in Plaintiff's complaint, it appears that Defendant Cottrill was the previous jailer and that Defendant Underwood is the current jailer.
[2] *See Williams et al. v. Underwood et al.*, No. 3:19-cv-P208-CRS (DN 8).

Plaintiff first alleges that he ran out of toilet paper on July 17, 2018, because he only received one roll a week. When he requested another roll, Defendant LCDC Deputy Hayes and non-defendant "Deputy Brad" allegedly told him that they were only required to give him one roll a week. Plaintiff then requested a grievance form. The deputies then told Plaintiff that his family "has to order caracells with T.P. in them to receive it or that he had to go to medical to receive more T.P." These deputies then put Plaintiff in the "hole" for approximately nine hours without a bed roll or mat.

Plaintiff next seems to allege that only one toilet in his cell has worked for the past eight months and that the shower leaks water on the floor.

Plaintiff also alleges that he made multiple requests to Defendant LCDC Jailer Cottrill, and then to Defendant LCDC Jailer Underwood, for access to the law library at LCDC so that he could use "the KRS manual for understanding of my case." He states that when he wrote grievances pertaining to this issue, he was told that LCDC did not have a "KRS Manual." Plaintiff, however, alleges that he saw "KRS manuals on Booking desk."

Plaintiff next alleges that he asked for a 42 U.S.C. § 1983 prisoner complaint form but was told by LCDC deputies that they did not know what he was talking about and that he would have to get one from his attorney. However, Plaintiff alleges that another deputy then printed a § 1983 complaint form for inmate Jeremy Williams and told them they could file their complaint together (which they did).

Finally, Plaintiff alleges that LCDC deputies would not return his prisoner application to proceed without prepayment of fees to him or provide him with a copy of his "Inmate 6-month Account Statement" for this action.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. DEFENDANTS

#### 1. Defendants Whitlock and Temple

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the

4

plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

As stated above, the complaint in this action has been severed, and only the claims that are personal to Plaintiff are part of the instant action. Plaintiff makes no claims against either Defendant Whitlock or Temple. Rather, the claims against these Defendants are part of the complaint that has been severed from this action. The Court will therefore dismiss the claims against these Defendants for failure to state a claim upon which relief may be granted.

### 2. Defendant LaRue County and the Official-Capacity Claims against LaRue County Defendants Underwood, Cottrill, and Hayes

The Court next turns to Plaintiff's claims against LaRue County and the official-capacity claims against the other LaRue County Defendants. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Underwood, Cottrill, and Hayes are actually against their employer, which is ostensibly LaRue County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the

alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by LaRue County. As such, the Court will dismiss Plaintiff's claims against LaRue County and his official-capacity claims against Defendants Underwood, Cottrill, and Hayes for failure to state a claim upon which relief may be granted.

## B. CONDITIONS OF CONFINEMENT

The Court next turns to Plaintiff's allegations regarding his conditions of confinement at LCDC. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are

6

required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff first seems to claim that his placement in the "hole" for nine hours without a bed roll or mat violates the Eighth Amendment. However, this allegation is not one of constitutional dimensions. *See, e.g.*, *Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) ("Grissom neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm."); *Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for two week period.") (citing *Schroeder v. Kaplan*, No. 93-17123, 1995 U.S. App. LEXIS 18915, *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment)).

Plaintiff also alleges that only one toilet in his cell has worked for the past eight months and that the shower leaks. However, mere exposure to unsanitary conditions does not state a claim for damages unless harm actually occurs. *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 U.S. Dist. LEXIS 14777, at *7 (S.D. Ohio Feb. 4, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 47960 (S.D. Ohio Apr. 2, 2013). Indeed, absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment,'" an inmate has no claim for damages based upon unsanitary living conditions. *Id*. (citation omitted). In light of this jurisprudence, it is clear that Plaintiff's allegations regarding the unsanitary conditions of his cell fail to state a constitutional claim. *See also Agramonte v. Shartle*, 491 F. App'x at 559-60 (finding allegations that the number of toilets, showers, and wash basins had not increased with the increased population, and that there were

lines to use the bathrooms and showers, failed to state a claim because plaintiff failed to allege an unconstitutional denial of basic needs).

For these reasons, the Court will dismiss Plaintiff's claim based upon the conditions of his confinement for failure to state a claim upon which relief may be granted.

### C. DENIAL OF ACCESS TO THE COURTS

Plaintiff makes several allegations that could be construed as claims of denial of access to the courts. He first alleges that he made multiple requests to LCDC Defendant Jailers Cottrill and Underwood for access to the law library at LCDC so that he could use "the KRS manual for understanding of my case" but that his requests were denied. He further alleges that he was required to share a 42 U.S.C. § 1983 complaint form with another inmate, after first being told that he had to get such a form from his attorney, and that LCDC officials would not provide him with a prisoner application to proceed without prepayment of fees form or provide him with a copy of his "Inmate 6-month Account Statement" for use in this action.

To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v*. *Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff's allegations seem to be that the actions of Defendants Cottrill and Underwood and other LCDC officials affected his ability to litigate this case. However, despite the claimed hindrances, the record demonstrates that Plaintiff was able to bring the instant action before the Court and to file both his prisoner trust account statement and his application to proceed without the prepayment of fees, which this Court granted. Thus, because Plaintiff has failed to show an injury to this, or any other case, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Cottrill and Underwood and all his claims based upon a denial of access to the courts for failure to state a claim upon which relief may be granted.

### D. DUE PROCESS

Plaintiff also seems to allege that his due process rights were violated when he was placed in the "hole" for nine hours, without a bed roll or mat, after being told that he could not have another roll of toilet paper and then requesting a grievance form to address this issue.

The Due Process Clause of the Fourteenth Amendment does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484(1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Generally, courts consider the nature and duration of a stay in segregation in determining whether it

imposes an "atypical and significant hardship."  *Harden-Bey v. Rutter*, 524 F.3d at 795-96 (6th Cir. 2008).

Here, the Court finds that Plaintiff's nine hours in segregation without a bed roll or mat does not constitute an "atypical and significant" hardship warranting the protections of due process.  *See*, *e.g.*, *Sandin*, 515 U.S. at 484 (holding that disciplinary segregation for 30 days did not impose an atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (holding that 61 days in segregation is not atypical and significant).  Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### E. RETALIATION

Finally, the Court turns to Plaintiff's seeming allegation that Defendant LCDC Deputy Scott Hayes and non-defendant LCDC "Deputy Brad" placed him in segregation for nine hours because he requested a grievance form to address his toilet paper concerns.  The Court construes this allegation as stating a First Amendment retaliation claim against Defendant Hayes in his individual capacity.  Moreover, the Court will provide Plaintiff the opportunity to amend his complaint to name LCDC "Deputy Brad" as a defendant in this action so that a retaliation claim may proceed against him as well.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against **Defendants Whitlock and Temple** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against **LaRue County and the official-capacity claims against LaRue County Defendants Underwood, Cottrill, and Hayes are DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims based upon his **conditions of confinement at LCDC, a denial of access to the courts (including the individual-capacity claims against Defendants Cottrill and Underwood for such), and the denial of due process** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Based upon the above, the **Clerk of Court is DIRECTED to terminated Defendants Whitlock, Temple, LaRue County, Underwood, and Cottrill as parties to this action**.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may amend his complaint to add "Deputy Brad" as a Defendant and to sue him in his individual capacity. Plaintiff should also complete a summons form for "Deputy Brad" within this 30-day period.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a copy of page one and two of a 42 U.S.C. § 1983 complaint form with this case number and the word "amended" written in the caption along with one summons form to Plaintiff for his completion should he want to amend the complaint to add "Deputy Brad" in his individual capacity.

If Plaintiff does not file an amended complaint and completed summons regarding "Deputy Brad" within 30 days, the Court will enter a Service and Scheduling Order to govern the retaliation claim it has allowed to proceed against Defendant Hayes.

In allowing this claim to continue, the Court passes no judgment on the merits of the claim or the ultimate outcome of this case.

Date: May 8, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
LaRue County Attorney
4414.011